**FILED**

September 22, 2021

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JERRY L. STOVER,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0403** (BOR Appeal No. 2054761)
                        (Claim No. 2018007880)

**ANR, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry L. Stover, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). ANR, Inc., by Counsel Charity K. Lawrence, filed a timely response.

The issues on appeal are temporary total disability and an additional compensable condition. The claims administrator closed the claim for temporary total disability benefits on May 20, 2018. On September 5, 2018, the claims administrator denied the addition of lumbar disc protrusion to the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its October 8, 2019, Order. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

. . . .

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Stover, a truck driver, injured his lower back when he hit a bump while driving a truck on September 19, 2017. Treatment notes from Raleigh General Hospital the following day indicate Mr. Stover reported right leg, hip, and back pain due to hitting a bump in his truck at work. A lumbar x-ray showed spondylosis and degenerative disc disease. Mr. Stover was diagnosed with sciatica. The Employees' and Physicians' Report of Injury was completed on September 24, 2017, and indicates Mr. Stover injured his lower back and right hip when he hit a bump while driving a truck for the employer. The physicians' section lists the diagnosis as sciatica.

Mr. Stover returned to Raleigh General Hospital on September 25, 2017, for low back pain with no new injury. Mr. Stover reported that he was treated several days prior and was initially feeling better. However, after returning to work, he again developed low back pain. He was referred to Doctor's ImmediCare and was treated that same day for back pain with radiation into the right leg that began after he hit a large bump in his truck causing him to land roughly on his seat. Mr. Stover was diagnosed with low back and radicular pain.

A September 27, 2017, lumbar CT scan showed scoliosis, facet arthropathy at multiple levels, and mild encroachment at L3-4. An October 2, 2017, treatment note from Doctor's ImmediCare indicates Mr. Stover's diagnosis was updated to include lumbar inflammatory spondylopathy based on his recent CT scan. The claim was held compensable for lumbar strain on October 12, 2017.

In an October 17, 2017, treatment note, Robert Kropac, M.D., noted that Mr. Stover was seen for low back pain. Mr. Stover asserted that he had no prior low back problems before the compensable injury. Dr. Kropac diagnosed lumbosacral strain and wished to rule out a lumbar disc herniation with radiculopathy. Mr. Stover was to begin physical therapy and undergo an MRI. The MRI was performed on October 27, 2017, and showed degenerative disc disease, facet disease, L3-4 and L4-5 disc bulging resulting in contact with right-sided nerve roots, mild spinal canal stenosis secondary to facet degenerative changes, and ligamentum flavum hypertrophy. Mr. Stover

returned to Dr. Kropac on November 14, 2017, and reported little decrease in his symptoms. Based on the MRI, Dr. Kropac instructed Mr. Stover to discontinue physical therapy. Dr. Kropac diagnosed lumbar disc protrusion with right lower extremity radiculopathy. He recommended epidural steroid injections. On December 8, 2017, Mr. Stover reported an exacerbation of his back pain. Dr. Kropac recommended referral to Robert Crow, a neurosurgeon, for a surgical evaluation.

Dr. Crow performed a neurosurgical consultation on December 27, 2017, in which he diagnosed low back pain and lumbar disc degeneration. He opined that Mr. Stover's MRI showed no surgically treatable conditions. Dr. Crow recommended Mr. Stover continue pain management. Mr. Stover also had a consultation with Andrew Thymius, M.D. On January 25, 2018, Dr. Thymius reviewed the lumbar MRI and found mild disc dehydration with facet degenerative changes. He diagnosed right leg pain, disc degeneration, and lumbar spondylosis without myelopathy or radiculopathy. Dr. Thymius recommended an EMG, which was performed on January 13, 2018, and showed no evidence of neuropathy or radiculopathy.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on March 30, 2018, and found that Mr. Stover had reached maximum medical improvement. Dr. Mukkamala found 4% impairment for range of motion loss. He placed Mr. Stover in Lumbar Category II from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 5%. Mr. Stover was granted a 5% permanent partial disability award on April 5, 2018.

In an April 18, 2018, treatment note, Dr. Kropac noted that Dr. Mukkamala found that Mr. Stover had reached maximum medical improvement. Dr. Kropac stated that Mr. Stover's last injections had provided only one week of pain relief. Mr. Stover again sought care from Dr. Kropac on June 21, 2018, for increased back pain. Dr. Kropac completed a Diagnosis Update that day requesting the addition of lumbosacral disc protrusion to the claim. The claims administrator closed the claim for temporary total disability benefits on May 20, 2018.

In a June 22, 2018, Answers to Interrogatories, Mr. Stover stated that aside from muscle sprains, he had received no prior treatment for his back. Randall Short, D.O., performed a Physician Review on July 5, 2018, in which he opined that lumbar disc protrusion should not be added to the claim because it was a preexisting, chronic degenerative condition.

In a July 24, 2018, Independent Medical Evaluation, Michael Kominsky, D.C., found that Mr. Stover had reached maximum medical improvement for his lumbar sprain. Dr. Kominsky found 15% impairment. He placed Mr. Stover in Lumbar Category II and adjusted the rating to 8%. The claims administrator denied the addition of lumbar disc protrusion to the claim on September 5, 2018.

Dr. Kropac testified in a November 14, 2018, deposition that Mr. Stover's lumbar disc protrusion was the result of his compensable injury. Mr. Stover underwent conservative treatment with little benefit. Dr. Kropac stated that he reviewed Dr. Mukkamala's report and agreed that Mr. Stover had reached maximum medical improvement. Dr. Kropac stated that Mr. Stover should be restricted to occasional lifting of a maximum of twenty-five pounds and that given the chronicity of the complaints and the diagnostic testing, Mr. Stover would likely always require restrictions.

He recommended no further treatment. On January 8, 2019, Dr. Kropac requested a repeat MRI due to progressively increasing radicular symptoms. The MRI was denied.

David Soulsby, M.D., performed an Independent Medical Evaluation on April 16, 2019, in which he diagnosed chronic low back pain and lumbar degenerative disc disease. He stated that Mr. Stover sustained a lumbosacral sprain/strain type injury at work. Dr. Soulsby found no specific neurological defects and noted that multiple radiographic studies failed to show an acute injury. Dr. Soulsby found Mr. Stover had reached maximum medical improvement and assessed 0% impairment.

Dr. Kropac testified in a June 12, 2019, deposition that his specialty is surgery. Dr. Kropac asserted that Mr. Stover's lumbosacral disc protrusion resulted from the compensable injury. He opined that Mr. Stover's increased symptoms were not the result of degenerative changes. Dr. Kropac admitted that he had never reviewed Mr. Stover's EMG study or Dr. Crow's report. Dr. Kropac acknowledged that Mr. Stover's neurological examinations had been normal for the duration of his treatment.

The Office of Judges affirmed the claims administrator's decisions closing the claim for temporary total disability benefits and denying the addition of lumbar disc protrusion to the claim in its October 8, 2019, Order. Regarding temporary total disability, the Office of Judges found that Drs. Mukkamala, Kominsky, and Soulsby all found that Mr. Stover had reached maximum medical improvement. In his November 1, 2018, deposition, Dr. Kropac agreed that Mr. Stover was at maximum medical improvement. In his later deposition, Dr. Kropac clarified that he would consider Mr. Stover to be at maximum medical improvement if a new MRI showed no progression in his condition. Authorization of a new MRI was denied.

Mr. Stover argued before the Office of Judges that his claim should not be closed for temporary total disability benefits because Dr. Kropac has not released him to return to work. The Office of Judges noted that a claimant can reach maximum medical improvement and still be unable to return to work. Further, Dr. Kropac has offered Mr. Stover conservative treatment, mainly medication for pain. The Office of Judges found no indication in his treatment notes that Mr. Stover is a candidate for surgery or additional physical therapy.

Regarding the addition of lumbar disc protrusion to the claim, the Office of Judges questioned whether the diagnostic evidence supports such a diagnosis. Mr. Stover's September 27, 2017, lumbar CT scan was interpreted as showing scoliosis, facet arthropathy at multiple levels with mild encroachment, and mild concentric disc bulging at T12-L1 and L2-4. An October 27, 2017, MRI showed degenerative disc and facet disease and concentric disc bulging at L3-4 and L4-5. Dr. Crow reviewed the MRI and diagnosed lumbar degenerative disc disease with low back pain. Dr. Mukkamala reviewed the MRI as part of his evaluation and diagnosed Mr. Stover with lumbosacral sprain/strain and degenerative changes. The Office of Judges noted that Mr. Stover clearly has degenerative changes; therefore, even if he has a disc protrusion, the Office of Judges found it questionable whether it would be the result of the compensable injury or preexisting degenerative changes. The Office of Judges also found that Dr. Kropac is the only physician of record to assert that Mr. Stover sustained a lumbar disc protrusion as a result of the compensable

4

injury. The Office of Judges therefore concluded that a preponderance of the evidence does not support the addition of lumbar disc protrusion to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-7a, temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. Mr. Stover has been found to be at his maximum medical improvement by Drs. Mukkamala, Kominsky, and Soulsby. The claim was therefore properly closed for temporary total disability benefits. As to the addition of lumbar disc protrusion to the claim, for an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence supports the Office of Judges' conclusion that Mr. Stover did not sustain a lumbar disc herniation as a result of his compensable injury.

Affirmed.

**ISSUED: September 22, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5